**UNTIED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHON G. FOSTER,

                Plaintiff,

                                     CASE NO. 11-15644

v.

                                     HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

        This matter is before the Court on Plaintiff Jonathon G. Foster's Objections to the

Magistrate Judge's Report and Recommendation ("R&R") denying his petition for

disability insurance benefits and supplemental security income benefits.   (Doc. 23).

After the administrative law judge ("ALJ") denied his initial petition, Foster brought the

action to the district court for review.   The matter was referred to Magistrate Judge

Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) upon which the parties filed

cross-motions for summary judgment.   In response to the R&R, Foster, a pro se plaintiff,

asserts numerous errors regarding the analysis of the ALJ and Magistrate Judge, many

of which were not raised in his motion for summary judgment.   For the reasons stated

below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** Magistrate Judge's R&R,

**DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Motion

for Summary Judgment.

I.      **STATEMENT OF FACTS**

As the parties have not objected to the Magistrate Judge's recitation of the administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 20 at 6-10).

II.     **STANDARD OF REVIEW**

A.      **Objections to Magistrate Judge's Report and Recommendation**

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

B.      **Commissioner's Disability Determination**

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v.

Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009).  Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994);  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight."  Id.  When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ.  Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993).  The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ.  Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989).  There is no requirement, however, that the reviewing court discuss every piece of evidence in the record.  Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006).  Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence.  Brainard, 889 F.2d at 681.  The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## III.   ANALYSIS

### A.   Framework for Disability Determination

In order to qualify as "disabled" under the Social Security Act, a claimant must be "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A).   In a step-by-step sequential process, the Commissioner considers whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether she can perform other work in the national economy.   20 C.F.R. § 416.920(a).   Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five.   Richardson v. Sec. of HHS, 735 F.2d 962, 964 (6th Cir. 1984).

### B.   Plaintiff's Objections

Foster asserts three core objections to the R&R: (1) the Magistrate Judge erred in not finding his impairment met the criteria of any listing; (2) the Vocational Expert ("VE") did not indicate any positions that he could perform with his impairment; and (3) the ALJ and Magistrate Judge afforded too much weight to the testimony of Dr. Shaw. Contrary to the Commissioner's argument that Foster raised none of these objections in his motion for summary judgment, the Court finds Foster did raise his arguments regarding the VE's testimony and Dr. Shaw's medical opinion.   However, Foster never asserted his impairments met any listing in his motion for summary judgment.   Thus,

4

because parties are not permitted "to raise at the district court stage new arguments or issues that were not presented to the magistrate," Foster's first objection is waived. Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Regardless, this objection fails as Foster presents no evidence to support his position that his impairment meets any specified listing, nor points to any listings which he potentially meets. Bare assertions not supported by the record medical evidence do not suffice.

Foster's claim that the VE did not identify any jobs of which he was capable of performing is meritless. Specifically, he argues that cashiers and counter clerks stand all day, something he cannot accomplish. At Step One, the ALJ found Foster had a severe impairment of pneumothorax (collapsed lung), but that it did not meet any one of the listed impairments for which disability could be established solely on the medical record. (A.R. 11-12). Proceeding to the next step, the ALJ identified Foster's residual functional capacity ("RFC") as able to "perform sedentary work . . . except that the claimant must alternate sitting and standing for no more than an hour at time per each function; have no repeated use of the upper body; and, no exposure to extreme . . . temperatures." (A.R. 12). In support of this determination, the ALJ noted the medical opinion of Dr. Bina Shaw, Foster's daily living activities, and radiological reports. (A.R. 13-14). After posing the hypothetical question to the VE, he determined Foster could perform as a cashier or counter clerk given his restrictions. (A.R. 38). Foster noted that the RFC was a "fair" description of his limitations. (A.R. 37). He also stated he could stand for an hour or maybe two at a time. (A.R. 36). There is no evidence that Foster's collapsing lung would affect his ability to perform these types of jobs. Indeed, there is an alarming lack of evidence relating to any adverse symptoms of the pneumothorax

other than Foster's difficulty breathing in cold weather and overhead lifting.  All of Foster's limitations were properly accounted for in the RFC.  Thus, it is clear from the record that the VE presented jobs which Foster could perform.  Certainly not all cashiers and counter clerks stand all day, and Foster would not perform such work in extreme temperatures.  In addition, given Foster testified that he performed nearly of his daily living activities without difficulty, the ALJ's RFC adequately described Foster's limitations and the VE's identification of potential jobs was proper.

Foster also asserts the ALJ afforded too much weight to Dr. Shaw's medical opinion and the ALJ's use of "one word" quotations.  He also takes issue with Dr. Shaw's conclusion that "[t]he patient has a past history of chest tube insertion x4 for pneumothorax when he was trying to get high by sniffing gas."  (A.R. 181).  On the contrary, Foster asserts his lung collapsed "due to an attempt to siphon gasoline from [my] family's motor home, to put gas into [m] personal vehicle" in order to attend a party. (Doc. 19 at 5).  Regardless, Foster's objections are meritless.

In her 2008 report, Dr. Shaw noted Foster smokes a pack of cigarettes per day and has a history of alcohol abuse.  (A.R. 181).  She noted Foster's lungs were clear but noted "right sided chest wall pain."  (A.R. 183).  Notably, the ALJ did not exclusively rely on Dr. Shaw's report.  He noted the numerous other medical reports detailing "normal" chest exams or "unclear" results based on the contradictory tests and symptoms reported by Foster.  Thus, even without Dr. Shaw's medical opinion, there is a substantial lack of evidence to support Foster's claims regarding the severity of his pneumothorax.  Therefore, the ALJ certainly could conclude that Foster's impairment was not sufficiently severe to meet a listing or otherwise affect his RFC.  In sum, the

ALJ and Magistrate Judge properly weighed all of the medical evidence surrounding Foster's claim.  There is nothing to suggest the ALJ improperly used "single word" quotes to misconstrue the evidence in the record.  See White v. Comm'r of Soc. Sec., 572 F.3d 272, 284 (6th Cir. 2009) (no indication ALJ improperly "cherry picked" evidence).  All of Foster's objections are without merit.

## IV.    CONCLUSION

The decision of the Commissioner is supported by substantial evidence. Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** Magistrate Judge's R&R, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATE: March 18, 2013

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record, electronically.

s/Bernadette M. Thebolt
Case Manager